# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ALVIN KASSING,                                                                                                    PLAINTIFF
ADC # 153407

v.                                    5:15CV00066-BSM-JJV

WENDY KELLY, Director, Arkansas
Department of Correction; *et al.*                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

**I. INTRODUCTION**

Alvin Kassing ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging Defendants[1] violated his constitutional rights by failing to protect him from a physical assault by an inmate. (Doc. No. 7.) Now, the remaining defendant, Toni Perry, has moved for summary judgment on all claims against her. (Doc. No. 48.) Plaintiff has not responded to Defendant's Motion and the time for doing so has passed.

---

[1] Defendants Larry Manning, Wendy Kelley, Larry Norris, and Darwin Metcalf were dismissed on screening. (Doc. No. 22.) Plaintiff's failure to train claims against Defendants Manning and Gibson were also dismissed on screening. (*Id*.) Defendants Baker, Gibson, Manning, McPhadden and Williams were dismissed on a Motion for Summary Judgment. (Doc. No. 41.)

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

Defendant Perry advances three arguments in support of her Motion, namely that: (1) she is entitled to sovereign immunity on all official capacity claims for damages; (2) she is

3

entitled to qualified immunity; and (3) Plaintiff has failed to state a claim upon which relief may be granted. After careful consideration of the pleadings, for the following reasons, I find Defendant's Motion should be granted.

### A. Official Capacity Claims

It is settled law that an official capacity claim for damages against a state or municipal actor is akin to a claim against the state or municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). It necessarily follows that official capacity claims for damages against state employees are barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). It is undisputed Defendant Perry was, at all times relevant to this suit, an employee of the ADC. Plaintiff's official capacity claims for damages against her are, therefore, barred by sovereign immunity.

### B. Qualified Immunity

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] A defendant is entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

A failure to protect claim is composed of two elements. First, the claimant must demonstrate that his conditions of incarceration posed a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the claimant must demonstrate that the defendant prison official knew of and disregarded the risk to his safety. *Id*. at 837. The second prong requires a finding that the defendant was deliberately indifferent. *See Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010) (in analyzing failure to protect claims "the subjective inquiry regarding an official's state of mind is one of deliberate indifference' to inmate health or safety.") Deliberate indifference is akin to criminal recklessness. *See Olson v. Bloomberg*, 339 F.3d 730, 736 (8th Cir. 2003).

Defendant Perry argues that she was not and could not have been aware of any risk

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

5

to Plaintiff prior to December 8, 2014 - the date of the incident. Plaintiff, pursuant to his own deposition testimony, had initially been in the same barracks as his attacker - Mr. Tanner - for two years without any incident. (Doc. No. 48-3 at 2-3.) Plaintiff says he knew Mr. Tanner fought with other inmates, but he "was trying to. . . be a big brother towards him, you know, and try to show him another way. . ." but "he didn't want to listen." (*Id.* at 3.) Plaintiff admits he never reported any of the fights to Defendant Perry or any other prison officials. (*Id.*) Plaintiff moved barracks and did not have any interaction with Mr. Tanner for almost two years. (*Id.* at 4.) Then Mr. Tanner was moved into the same barracks as Plaintiff but Plaintiff "just stayed away from him because he knew what kind of person he was." (*Id.* at 6.) On the night of the incident, Plaintiff was awakened by Mr. Tanner beating another inmate. (*Id.* at 7.) Unprovoked, Mr. Tanner turned his attention to Plaintiff and attacked him. (*Id.* at 7-9.) By Plaintiff's own testimony, the attack by Mr. Tanner was a surprise to all involved. On this basis alone, I find Defendant Perry is entitled to qualified immunity.

      I also find no deliberate indifference by Defendant Perry in her response to Tanner's attack. I realize that in his Amended Complaint (Doc. No. 7), Plaintiff alleges Defendant Perry and other prison officials watched without intervening while Tanner's assault continued for forty to sixty minutes. (*Id*. at 5.) This allegation is contradicted by Plaintiff's deposition testimony that he stayed upstairs in his barracks and was unable to observe what was occurring downstairs. Plaintiff testified, "I just - - I just - - I heard it, but I didn't see it." (*Id.* at 10.)

6

Defendant Perry has also provided an affidavit in support of her Motion. She states she was assisting another inmate who was assaulted and did not realize other attacks had occurred. (Doc. No. 48-1 at 6.) She states, "I immediately radioed for Lieutenant Larry Manning to come to 8 Barracks for assistance. Lieutenant Manning is my supervisor. Lieutenant Manning arrived to 8 Barracks within minutes." (*Id*. at 7.) It is undisputed that Lieutenant Manning quickly subdued Mr. Tanner. (Doc. No. 48-3 at 11.) So, based on the foregoing, I further find the record cannot support a finding that Defendant Perry acted with deliberate indifference in her response. Accordingly, she is entitled to qualified immunity.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (Doc. No. 48) be GRANTED;

    A. Plaintiff's claims against Defendant Perry be DISMISSED with prejudice; and

    B. This cause of action be DISMISSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 20th day of March, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE